IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GURVINDER KAUR GILL, et al., | § | |
| | § | |
| Petitioners, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1359 |
| | § | |
| ALBERTO GONZALES, United States | § | |
| Attorney General, et al., | § | |
| | § | |
| Respondents. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Petitioners, Gurvinder Kaur Gill and Jasmin Gill, have filed a Petition for a Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief asking the court to order the United States Citizenship and Immigration Services (USCIS) to reopen removal proceedings and to enjoin respondents from removing petitioners from the United States.  (Docket Entry No. 1 at pp. 8 and 9)  Petitioners assert that the court has habeas corpus jurisdiction pursuant to 28 U.S.C. § 2241.  Pending before the court is Respondents' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket Entry No. 8), to which petitioners have filed a Response in Opposition (Docket Entry No. 10).

As set forth in more detail in respondents' motion and the attached exhibits, petitioners filed an application for withholding of removal and for asylum, which was denied in a January 14, 2003, oral decision of the immigration judge.  That decision was affirmed

by the Board of Immigration Appeals (BIA) on January 20, 2004. Petitioners' petition for review of the BIA's order was denied by the United States Court of Appeals for the Fifth Circuit on December 20, 2004. Petitioners' Motion to Reopen was denied by the BIA as untimely on December 12, 2005; and petitioners' petition for review of that BIA order was denied by the United States Court of Appeals for the Fifth Circuit on February 27, 2006, in a per curiam Order that granted the respondents' motion for summary affirmance and denied petitioners' motion for stay of deportation pending review.

The crux of petitioners' present petition, as explained in detail in their response, is that "the Court of Appeals failed to assess the merits of their asylum claim . . ." (Response, Docket Entry No. 10, at p. 2), that the decision of the immigration judge "was wrongly made," id. at p. 4, and that "[t]his series of decisions have undermined Petitioners' right to a fair hearing and evaluation of the merits of their case seeking asylum and withholding as afforded to them by the legal system of the United States." Id. at p. 5.

The Real ID Act, enacted on May 11, 2005, eliminated district court jurisdiction over removal orders and provided that a petition for review to the court of appeals was the sole and exclusive means of judicial review. 8 U.S.C. § 1252(a)(5) provides, in pertinent part:

> Notwithstanding any other provisions of law (statutory or non-statutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal. . . .

Because the relief petitioners seek is to order respondents to reopen removal proceedings and to direct respondents not to remove petitioners from the United States (Petition, Docket Entry No. 1, at p. 9), this court has no jurisdiction over their petition. See Ramirez-Molina v. Ziglar, 436 F.3d 508, 511-512 (5th Cir. 2006).

Moreover, 8 U.S.C. § 1252(g) divests this court of jurisdiction "to hear any cause or claim by or on behalf of an alien arising from the decision or action of the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against an alien . . . ."  Because the relief petitioners seek is to vacate the order for removal and remand the case to an immigration judge for reconsideration of petitioners' asylum application claims, this court lacks jurisdiction, pursuant to section 1252(g), to consider petitioners' claims or grant the relief they seek.  See Li v. Agagan, 2006 W.L. 637903 at *3 (5th Cir. Mar. 14, 2006).

Although petitioners refer to other possible jurisdictional sources in their petition, including "common law," they make no attempt in their response to support jurisdiction on these alternative bases, which are clearly unmeritorious.

Because this court has no jurisdiction to review the BIA decisions complained of, Respondents' Motion to Dismiss (Docket Entry No. 8) is **GRANTED**, and this action will be dismissed for want of subject matter jurisdiction. Petitioners' Motion to Permit Briefing on the Impact of the Newly Enacted Real ID Act of 2005 (Docket Entry No. 4) is **DENIED as moot** because petitioners have already briefed this issue in their response.

**SIGNED** at Houston, Texas, on this the 28th day of June, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE